STATE OF NORTH CAROLINA v. TENNYSON ALEXANDER HARRIS

No. 88

(Filed 16 March 1979)

**Homicide § 24.1— instructions—presumption arising from use of deadly weapon**

   Though the trial court's instruction on second degree murder would have been more articulate had it been joined with the ensuing instructions on burden of proof by words to the effect that inferences raised by proof of the intentional use of a deadly weapon might be considered along with the other facts and circumstances in determining whether the killing was unlawful or whether it was done with malice, nevertheless, when the trial judge *seriatim* correctly charged on the possible verdicts of second degree murder, voluntary manslaughter, and not guilty, explained self-defense, and in each case placed the burden of proof squarely on the State, it must have been clear to the jury that these were circumstances to be considered with the raised inferences in determining whether the killing in this case was unlawful and whether it was done with malice.

   Justices BRITT and BROCK did not participate in the consideration or decision of this case.

ON discretionary review of the decision of the Court of Appeals, 36 N.C. App. 652 (1978), finding no error in the trial before *Kirby, J.*, at the 18 July 1977 Session of MECKLENBURG Superior Court. This case was docketed and argued as No. 113 at the Fall Term 1978.

Defendant was charged in a bill of indictment, proper in form, with the second degree murder of Samuel Lee Jackson. He entered a plea of not guilty.

The State's evidence tended to show that on the night of 4 November 1976, defendant and Jackson were at Big Brother's Lounge in Charlotte. The men spoke for a few moments, and defendant pushed Jackson. Jackson then pushed defendant, whereupon defendant drew a pistol from his coat pocket and shot Jackson. No weapon was seen in Jackson's hand or found on or near him following the shooting.

Defendant and other witnesses testified that Jackson previously had threatened defendant and had "come looking for him" with a gun. There was also testimony that Jackson was reaching for a gun, which was protruding from his pocket, when defendant shot him.

The trial court instructed the jury that it could return a verdict of guilty of second degree murder, guilty of voluntary manslaughter, or not guilty. The jury returned a verdict of second degree murder.

*Rufus L. Edmisten, Attorney General, by R. W. Newsom III, and John C. Daniel, Jr., Assistant Attorneys General, for the State.*

*Fritz Y. Mercer, Jr., Public Defender, by Grant Smithson, Assistant Public Defender, for defendant appellant.*

BRANCH, Justice.

The single question presented by this appeal is whether the trial judge committed prejudicial error in charging the jury as follows:

> If the State proves beyond a reasonable doubt or it is admitted that the defendant intentionally killed Sammie Jackson with a deadly weapon or intentionally inflicted a wound upon Sammie Jackson with a deadly weapon that proximately caused his death, you may, but you need not infer; first, that the killing was unlawful; and second, that it was done with malice and if nothing else appears, the defendant would be guilty of Second Degree Murder.

Prior to the decision in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), it was well settled in this jurisdiction that when the State proved or it was admitted that a defendant intentionally inflicted a wound upon a person with a deadly weapon which proximately caused his death, the law raised presumptions (1) that the killing was unlawful and (2) that it was done with malice. Then, nothing else appearing, defendant would be guilty of murder in the second degree. *State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968); *State v. Gordon*, 241 N.C. 356, 85 S.E. 2d 322 (1955). When the presumptions from the intentional use of a deadly weapon arose, the burden was on the defendant to show to the satisfaction of the jury the legal provocation that would negate malice, thus reducing the offense to manslaughter or that would excuse it altogether upon the ground of self-defense. *State v. Cooper*, 273 N.C. 51, 159 S.E. 2d 305 (1968); *State v. Gordon, supra.*

In *Mullaney v. Wilbur, supra*, the United States Supreme Court held that a Maine statute which required a defendant to prove by a preponderance of evidence that he acted in the heat of passion on sudden provocation violated the defendant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution since the burden was on the prosecution to prove beyond a reasonable doubt every fact necessary to constitute a crime. *In Re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970). In *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977), we interpreted *Mullaney* to prohibit the use of our rule which placed on a defendant the burden of proving to the satisfaction of the jury that he killed in the heat of passion on sudden provocation in order to rebut the presumption of malice. We further interpreted *Mullaney* to mean that the burden to prove self-defense in order to overcome the presumption of unlawfulness could no longer be placed upon a defendant.

In *Hankerson*, Justice Exum, speaking for the Court, stated:

> . . . the State must bear the burden throughout the trial of proving each element of the crime charged including, where applicable, malice and unlawfulness beyond a reasonable doubt. . . . If, after the mandatory presumptions [of malice and unlawfulness] are raised, there is no evidence of a heat of passion killing on sudden provocation and no evidence that the killing was in self-defense, *Mullaney* permits and our law requires the jury to be instructed that defendant must be convicted of murder in the second degree. . . . If there is evidence in the case of all the elements of self-defense, the mandatory presumption of unlawfulness disappears but the logical inferences from the facts proved may be weighed against this evidence. If upon considering all the evidence, including the inferences and evidence of self-defense, the jury is left with a reasonable doubt as to the existence of unlawfulness it must find the defendant not guilty.

Defendant argues that the charge in the case *sub judice* is deficient because it fails to advise the jury that the inferences arising from the facts were not, standing alone, sufficient to support a verdict of guilty. We do not agree.

Immediately after giving the above-quoted and challenged instruction on second degree murder, the trial judge proceeded to define and explain voluntary manslaughter and in so doing he, in part, stated:

> . . . *The burden is on the State to prove beyond a reasonable doubt that the defendant did not act in the heat of passion upon adequate provocation but rather that he acted with malice.* If the State fails to meet this burden, then the defendant can be guilty of no more than Voluntary Manslaughter. [Emphasis added.]

The court then fully explained the findings that the jury must make in order to entirely excuse defendant on the ground of self-defense. In respect to the burden of proof on this complete defense, the court instructed, "You must remember, members of the jury, that the burden is on the state to prove beyond a reasonable doubt that defendant did not act in self-defense."

Admittedly, the challenged instruction on second degree murder would have been more articulate had it been joined with the ensuing instructions by words to the effect that inferences thus raised might be considered along with the other facts and circumstances in determining whether the killing was unlawful and whether it was done with malice. Nevertheless, when the trial judge *seriatim* correctly charged on the possible verdicts of second degree murder, voluntary manslaughter, and not guilty, explained self-defense, and in each instance placed the burden of proof squarely on the State, it must have been clear to the jury that these were circumstances to be considered with the raised inferences in determining whether the killing in this case was unlawful and whether it was done with malice.

We, therefore, hold that the charge was adequate and met the constitutional requirements of due process. *See, State v. Hammonds,* 290 N.C. 1, 224 S.E. 2d 595 (1976); *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975).

Although we find this charge to be adequate and within the requirements of *Mullaney* and *Hankerson,* we strongly recommend that in similar cases trial judges include in their charge the following language:

If the State proves beyond a reasonable doubt, or it is admitted, that the defendant intentionally killed the victim with a deadly weapon or intentionally inflicted a wound upon the victim with a deadly weapon that proximately caused his death, you may infer first, that the killing was unlawful, and second that it was done with malice, but you are not compelled to do so. You may consider the inferences along with all other facts and circumstances in determining whether the killing was unlawful and whether it was done with malice.

The decision of the Court of Appeals is

Affirmed.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.