STATE OF NORTH CAROLINA v. TOMMY FULLER
No. 68SC208

(Filed 14 August 1968)

1. Criminal Law § 43— authentication of photographs

The accuracy of a photograph as a true representation of the scene, object or person it purports to portray may be established by any witness who is familiar with such scene, object, or person, or who is competent to speak from personal observation, it not being necessary to prove the accuracy of a photograph by the photographer who took the picture.

2. Criminal Law § 43— authentication of illustrative photographs

In a prosecution for second degree murder, the court properly admitted a photograph of the head of the deceased as it appeared at the autopsy to illustrate the testimony of the coroner who testified as to the cause of death where the coroner identified the photograph as a picture of the skull of the deceased.

STATE *v.* FULLER

**3. Witnesses § 1— objection to competency of a witness**

Objection to the competency of a witness must be made in the trial court by a motion for the judge to pass upon the competency.

**4. Witnesses § 1— competency of a witness — discretion of trial court — review on appeal**

The question of the competency of a witness rests in the discretion of the trial judge, and his decision is not reviewable except for a clear abuse of discretion or where his ruling is based on an erroneous conception of the law.

**5. Witnesses § 1— competency of a witness — discretion of trial court — abuse of discretion**

In a prosecution for second degree murder, no abuse of discretion is shown by the trial court's refusal to disqualify a witness who defendant contended was an alcoholic and under heavy medication where the record shows that the witness testified in a clear, consistent and rational manner, the trial court having heard the testimony and observed the demeanor of the witness.

**6. Criminal Law § 122— instructions after jury has failed to reach a verdict**

In a prosecution for second degree murder, it is not error for the court, after the jury had deliberated for two hours and had informed the court that they were unable to reach a verdict, to urge the jury to agree upon a verdict where the court also cautioned the jurors that it was their duty to reach a verdict only if they could do so without doing violence to their conscience.

APPEAL by defendant from *Bailey, J.,* 5 December 1967 Regular Criminal Session of DURHAM Superior Court.

Defendant was indicted for first-degree murder of one Robert Jenkins. Upon call of the case for trial the solicitor announced he would not try the defendant for first-degree murder but for second-degree murder, to which charge defendant pleaded not guilty. The principal witness for the State was one Margaret Campbell, who testified that on the afternoon and night of 2 April 1966 she was visiting the deceased, Robert Jenkins, in his hotel room where they consumed a quantity of wine. Later in the evening the defendant, Tommy Fuller, came into the room and he and Jenkins walked into the hall and started arguing. About midnight Jenkins came back into the room, and was standing looking out the window when defendant came into the room, picked up a baseball bat, stepped up and hit Jenkins on the back of the head. Jenkins fell, the defendant picked him up and threw him on the bed, but he rolled to the other side of the bed and onto the floor, and never moved again.

The Coroner testified that on 3 April 1966 he examined the body of Robert Jenkins; that Jenkins had a large lacerated wound across

the top of the right side of his head; that this wound was deep enough to go down into the brain, the skull was shattered and portions of the brain were protruding; and that in his opinion the wound caused Jenkins' death.

The jury returned a verdict of guilty of second-degree murder. From judgment of imprisonment thereon, defendant appeals.

*T. W. Bruton, Attorney General, Ralph Moody, Deputy Attorney General, and Andrew A. Vanore, Staff Attorney, for the State.*

*W. G. Pearson, II, and C. E. Johnson, for defendant appellant.*

PARKER, J.

**[1, 2]** Defendant's first assignment of error is directed to the action of the trial court in allowing into evidence, for purpose of illustration, a photograph of the head of the deceased as it appeared at the autopsy. The purpose of this photograph was to illustrate the testimony of the Coroner who testified as to the cause of death. At the time the photograph was introduced into evidence the court carefully instructed the jury that it was admitted in evidence solely to illustrate the testimony of the witness and for no other purpose. Defendant's contention that the State did not properly authenticate the photograph prior to its introduction is not supported by the record, since the record clearly discloses that prior to the introduction of the photograph the Coroner, who was testifying, identified the photograph as a picture of the skull of the deceased. It is not necessary to prove the accuracy of a photograph by the photographer who took the picture; the accuracy of a photograph as a true representation of the scene, object or person it purports to portray may be established by any witness who is familiar with such scene, object, or person, or who is competent to speak from personal observation. *State v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824; Stansbury, N.C. Evidence 2d, § 34. The photograph was properly admitted into evidence for purpose of illustrating the testimony of the Coroner.

Defendant's second assignment of error is directed to the court's refusal to disqualify the witness, Margaret Campbell. Defendant contends that this witness should have been ruled incompetent to testify on the grounds that she was an alcoholic and was under heavy medication at the time she testified.

**[3, 4]** "Objection to the competency of a witness must be made in the trial court by a motion for the judge to pass upon the competency. The question must be left 'mainly, if not entirely,' to the discretion of the trial judge, and his decision is not reviewable ex-

cept, perhaps, for a clear abuse of discretion, or where the ruling is based on an erroneous conception of the law." Stansbury, N. C. Evidence 2d, § 55.

[5]   The record before us indicates that the witness Campbell testified in a clear, consistent, and rational manner. The trial judge heard her testimony, observed her demeanor in the courtroom and on the witness stand, and ruled that she was competent to testify as a witness. The question of her competency was within the sound discretion of the trial judge, and we find no error in the manner in which he exercised that discretion.

[6]   The defendant's last assignment of error is directed to the instruction given by the court to the jury, when the jury had returned to the courtroom after deliberating on its verdict for approximately two hours and had informed the court they were unable to arrive at a verdict. Upon inquiry by the court, the jury revealed they were divided ten to two and that they were divided between second-degree murder and manslaughter. The court thereupon instructed the jury as follows:

> "COURT:   All right, gentlemen of the jury, it is your duty to reach a decision if you can do so without doing violence to your conscience. This case is an important one both to the State and to the defendant. Some jury has to pass upon it. It is your duty to consider the evidence and not to decline to agree with other on account of stubbornness, to decline to agree if one can do so without doing violence to his conscience is not necessarily a mark of great intelligence or high citizenship; it is your duty to agree if you can reason with each other as intelligent men and reconcile your differences. The court, however, is not attempting to force you to agree. If you can in good conscience, without doing violence to your own conscience, compromise your differences, reconcile them, it is your duty to do so but only if you can do that without compromising your own conscience. I remind you that some jury somewhere, some time will have to pass upon this case. It is not likely that we will find any better jury than we have now. I will let you resume your deliberations for the time being."

In the foregoing the court repeated four times the clear instruction to the jurors that it was their duty to reach a verdict only if they could do so without doing violence to their conscience. This instruction was in the form which has been many times approved by the North Carolina Supreme Court; see opinion by Parker, C.J.,

in *State v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767, in which the North Carolina cases on this subject are cited and analyzed.

In the entire trial we find

No error.

MALLARD, C.J., and BROCK, J., concur.