STATE OF NORTH CAROLINA v. WILLIAM HERSEY AUTRY AND JAMES ROLAND SHELLEY

No. 7512SC633

(Filed 3 December 1975)

1. Criminal Law § 92— consolidation proper

Defendant was not prejudiced by the consolidation of his case with that of another who was charged with the same crime.

2. Criminal Law § 163— broadside assignment of error to charge

Where defendant assigned error to the additional instructions by the trial judge advising the jury of the consequences of a failure to reach a verdict, but defendant did not indicate the exact portion of the instructions to which exception was taken, the assignment of error was broadside and ineffective.

APPEAL by defendants from *Winner, Judge.* Judgments entered 27 February 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 November 1975.

Defendants were charged in bills of indictment (1) with the felonious breaking or entering of the Taco Bell Restaurant on Bragg Boulevard, Fayetteville, on or about 31 October 1975, and (2) with the felonious larceny therefrom of currency and coins.

Charges of conspiracy to commit felonious larceny (Cumberland County Nos. 74CR42496 and 74CR42497) were dismissed by the trial judge. In charges of safecracking (Cumberland County Nos. 74CR37826 and 74CR37827) the jury returned verdicts of not guilty.

The jury found each defendant guilty of felonious breaking or entering and guilty of felonious larceny. Judgments of imprisonment were entered as to each defendant.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Brown, Fox and Deaver, by Bobby G. Deaver, for William Hersey Autry.*

*John A. Decker, Assistant Public Defender, for James Roland Shelley.*

BROCK, Chief Judge.

### Autry's Appeal

[1] Defendant Autry assigns as error that the charges against him were consolidated, over his objections, with the charges against defendant Shelley for trial. "Ordinarily, unless it is shown that irreparable prejudice will result therefrom, consolidation for trial rather than multiple individual trials is appropriate when two or more persons are indicted for the same criminal offense(s)." *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972).

Autry's objection to the consolidation and his argument upon this appeal are that the State relied upon his association and friendship with Shelley for a showing of guilt by association. He further argues that Shelley's close association with an accomplice who testified for the State would implicate Shelley

and that Autry's association with Shelley would implicate Autry. Thus he argues that the State sought only to show Autry's guilt by association. This is a specious argument. The testimony of the accomplice indicated a closer association between the accomplice and Autry than between the accomplice and Shelley. But be that as it may, the testimony of the accomplice clearly put Autry on the scene of the offense, aiding and abetting in every aspect. This entire argument against consolidation is without merit.

Defendant Autry next assigns as error that the trial judge began to sentence Shelley in the presence of the jury while the jury was still in the process of deliberating upon its verdict as to Autry. Autry argues that this would somehow signify the judge's approval of the conviction of Shelley and unduly encourage the jury to find Autry guilty as well. While the argument is somewhat innovative, we do not need to consider it. The record on appeal affirmatively shows that this assignment of error and argument are not supported by the facts.

The jury returned to the courtroom and announced that it had reached verdicts upon the charges against Shelley but not upon the charges against Autry. The clerk took the verdicts of guilty of felonious breaking or entering, guilty of felonious larceny, and not guilty of safecracking upon the charges against Shelley. Immediately thereafter the judge instructed the jurors that they were excused for the evening recess, gave them instructions upon the duties during the recess, and instructed them to return at 9:00 a.m. the next day to resume their deliberations. The record on appeal then contains the following statement:

"THE JURY EXCUSED FOR THE EVENING RECESS."

The court announced that it would hear motions, and counsel for Shelley made several motions which were denied. Then the judge asked counsel for Shelley if he would like to be heard on the question of sentencing, but hearing on the question was postponed. This is the first mention of sentencing, and obviously the jurors had been excused for the evening recess for some time. Actually Shelley was not sentenced until after the verdicts were returned against Autry. This assignment of error is without merit.

[2] Last, defendant Autry assigns as error the further instructions by the trial judge to the jury advising them of the

consequences of a failure to reach a verdict. In this assignment of error defendant has failed to indicate by brackets, parentheses, or any other identifying markings the exact portion of the instructions to which exception is taken. For this reason the assignment of error is a broadside attack on the charge and is ineffective. However, if we consider the assignment of error to be properly addressed to the entire additional instructions, we see no prejudice to defendant. It is clear that the trial judge told the jurors that none of them was to return a verdict against his or her conscientious belief. Although we do not approve of the verbosity of the additional instruction, we think the disposition of this assignment of error is governed by the opinion in *State v. Fuller*, 2 N.C. App. 204, 162 S.E. 2d 517 (1968).

### Shelley's Appeal

The defendant Shelley's appeal presents the face of the record for review. We have reviewed the face of the record and find no prejudicial error.

As to each defendant, we find

No error.

Judges HEDRICK and CLARK concur.