STATE OF NORTH CAROLINA v. JAMES ERVIN CAMPBELL

No. 7912SC166

(Filed 17 July 1979)

1. Homicide § 21.7— second degree murder—sufficiency of evidence

Evidence was sufficient for the jury in a second degree murder case where it tended to show that the armed defendant chased down the car in which the deceased was riding and ordered the deceased and others out at gunpoint; defendant then accused deceased of stealing his money and, while pointing the gun in the general direction of deceased, engaged him in a loud argument; and after deceased was felled, defendant attempted to reload his weapon and ran from the scene of the crime when a policeman appeared.

2. **Homicide § 30.3— second degree murder charged—no instruction on involuntary manslaughter required**

> In a second degree murder prosecution testimony by a witness that defendant "could have pulled the trigger and it could have accidentally went off" did not amount to evidence of an accident and an unintentional killing, and the trial court therefore did not err in failing to instruct the jury with regard to involuntary manslaughter.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 8 November 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 22 May 1979.

The defendant was tried upon an indictment for second degree murder and convicted by a jury. From judgment entered on the verdict sentencing him to a term of imprisonment of forty years, the defendant appealed.

The State's evidence tended to show that the defendant, James Ervin Campbell, got into a car driven by a friend, James K. Morrison, on 30 May 1978. The defendant then informed Morrison that he had been robbed by a group of men including Joel Baldwin. The defendant directed Morrison to follow a car driven by Derrick A. McNair and in which Baldwin was a passenger. The car carrying the defendant overtook the McNair car and McNair saw what he believed to be a rifle pointing out the window at him. McNair then stopped his car upon being commanded by the defendant to stop. The defendant got out of the other car with a single-barrel shotgun, which McNair mistook for a rifle, in his hand. The defendant then ordered the occupants of the McNair car to get out and accused Baldwin of taking his money. Baldwin got out of the McNair car and denied this allegation. The defendant and Baldwin were then standing two or three feet away from each other. The two men argued briefly and Baldwin moved or took a step forward. At that time the shotgun in the defendant's hands was fired and the shot entered Baldwin's chest striking his aorta and killing him. Baldwin was never observed to have a weapon of any type.

After Baldwin fell, the defendant began to reload and cock the shotgun. By that time a policeman was coming around a nearby corner and the defendant "took off" through a nearby yard with the firearm still in his possession. An unfired shotgun shell was later found in the yard.

The defendant offered evidence tending to show that he and Baldwin were arguing in the street. They were standing approximately an arm's length from each other and the defendant had a shotgun in his hand. Baldwin made a motion "like he was moving forward" and the shotgun in the defendant's hand went off when the defendant "pulled it up."

Other facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*James R. Parish, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

MITCHELL, Judge.

[1]  The defendant assigns as error the trial court's denial of his motion to dismiss at the close of all of the evidence. In support of this assignment, the defendant contends that the State failed to introduce sufficient evidence, either of malice or that the killing was voluntary, to justify submitting the case to the jury on the charge of second degree murder. We do not agree.

The evidence introduced by the State tended to show that the armed defendant chased down the car in which the deceased was riding and ordered the deceased and others out at gunpoint. He then accused the deceased of stealing his money and, while pointing the gun in the general direction of the deceased, engaged the deceased in a loud argument. After the deceased was felled, the defendant attempted to reload his weapon and to engage in flight from the scene. We find the foregoing to constitute substantial evidence of an intentional, unlawful and malicious killing with a firearm by the defendant.

Once substantial evidence of a criminal offense has been introduced, the issue of whether that offense has been proven beyond a reasonable doubt is solely for the jury's determination. *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Having determined that the defendant intentionally killed the deceased, the jury may but is not compelled to infer that the killing was unlawful and with malice. *State v. Patterson,* 297 N.C. 247, 254 S.E. 2d 604 (1979); *State v. Harris,* 297 N.C. 24, 252 S.E. 2d 781 (1979). The State having offered substantial evidence tending to

show an intentional, unlawful and malicious killing, the trial court did not err in submitting the case to the jury on the charge of second degree murder.

[2] The defendant next assigns as error the trial court's failure to instruct the jury with regard to involuntary manslaughter. In support of this assignment, the defendant contends that his evidence tends to show that his negligence caused him to accidentally and unintentionally kill the deceased and, therefore, entitled him to an instruction on involuntary manslaughter. The defendant bases this contention upon the testimony of his only witness Pauline Williams who testified in pertinent part that:

> The shotgun came up, I don't know if he pulled it up or what. I know it went off in his hand. He could have pulled the trigger and it could have accidentally went off, but it did go off when he pulled it up. Mr. Campbell was holding the shotgun.

We do not find the testimony of the witness Pauline Williams that the defendant "could have pulled the trigger and it could have accidentally went off" to be any evidence of an accident and an unintentional killing. Instead, such testimony merely indicates a total lack of knowledge on the part of the witness as to whether the killing was intentional or unintentional.

The trial court must instruct the jury as to a lesser included offense of the crime charged if there is evidence from which the jury could find that the defendant committed the lesser offense. However, when there is no evidence of the defendant's guilt of a lesser included offense, the trial court correctly refuses to charge on the unsupported lesser offense. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). "The *presence of such evidence* is the determinative factor." *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954).

The defendant has referred us to numerous cases, all of which he contends support the proposition that the trial court should have instructed the jury with regard to a possible verdict of involuntary manslaughter. We note, however, that each of those cases involves fact situations in which direct testimony of an accidental and unintentional killing was admitted into evidence. *See, e.g., State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969). In the present case no such direct testimony was offered

and all of the probative evidence introduced tended to support a finding that the defendant intentionally shot the deceased. The trial court correctly permitted the jury to consider possible verdicts of second degree murder and voluntary manslaughter and did not err in failing to allow the jury to consider a verdict of involuntary manslaughter.

We further note that the trial court instructed the jury with regard to the law of self-defense. In this portion of the charge, the trial court correctly stated the law. No exception having been taken or assignment of error having been brought forward with regard to this point, we need not consider it further.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges PARKER and MARTIN (Harry C.) concur.