STATE OF NORTH CAROLINA v. ROY BENJAMIN COOK and FERN WARREN WHITAKER

No. 8026SC254

(Filed 16 September 1980)

1. Criminal Law § 92.1– two defendants – same offense – consolidation proper

Consolidation of the trials of defendants was authorized by G.S. 15A-926(b)(2) where the State's case, based on the theory that defendants were acting in concert, charged each defendant with responsibility for the death of a named person; there was no showing that a joint trial denied defendants a fair determination of their guilt or innocence, and the exercise of the trial court's discretion to consolidate will not be disturbed on appeal; and though defendants' defenses were antagonistic, defendants made no showing that they were denied a fair trial because of consolidation.

2. Constitutional Law § 30– access to incriminating statement – statement timely revealed by prosecutor – failure to object

The trial court did not err in denying one defendant's motion for mistrial based on the State's failure to disclose an incriminating statement allegedly made by him, since the prosecutor, as soon as he learned it, disclosed to defense counsel the witness's intent to testify about the incriminating statement, and since defendant failed to object to the statement or move to strike at trial.

Appeal by defendants from *Grist, Judge.* Judgment entered 21 September 1979 in Superior Court, Mecklenburg County. Heard in the Court of Appeals 26 August 1980.

Defendants were charged in separate bills of indictment with the first degree murder of Clarence William Flowers. Five

days prior to trial the State successfully moved to join the two cases for trial under N.C.G.S. 15A-926. Defendant Whitaker's subsequent motion for a continuance or in the alternative for a severance based on his poor physical condition was denied. The court also denied both defendants' motions to dismiss at the close of the State's case and at the end of all the evidence. The jury found both defendants guilty of second degree murder.

The State presented evidence that Flowers was shot by a .32 caliber revolver found in Cook's apartment; that both defendants, Cook and Whitaker, lived in the same apartment building as the deceased; that in the midafternoon and evening of 1 April 1979 defendant Whitaker, at least once accompanied by defendant Cook, complained several times about the noise coming from Flowers' apartment. Testimony from several witnesses described the abusive nature of these complaints and the angry discussions between defendants and Flowers, including threats and banging on Flowers' apartment door. According to one witness, defendant Whitaker was knocked to the floor by Flowers opening his apartment door and helped off the floor by defendant Cook. The State also presented evidence that defendant Cook shot into Flowers' apartment door while Whitaker stood by watching. Defendants then were seen returning to Whitaker's apartment.

Defendant Whitaker's evidence was consistent with that of the State except as to Whitaker's role in the shooting. He denied any intent to harm Flowers or any complicity with Cook in Flowers' death. Whitaker admitted being in the hallway outside Flowers' apartment at the time of the shooting, but testified that he tried to prevent Cook from shooting into the apartment. Further, Whitaker stated that he failed to report the shooting and denied any knowledge of it when talking with the police because he feared for his own safety as a result of threats from Cook after the shooting.

Defendant Cook's evidence, through the testimony of Cook himself, and Ruby Mae Powers, Flowers' sister who was in the apartment and also wounded during the incident, identified Whitaker as the gunman. Cook denied that he and Whitaker were acting together and testified that he failed to explain the

shooting to the police because he was afraid of Whitaker's retaliation.

Both defendants appeal.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Lindsey, Schrimsher, Erwin, Bernhardt, Hewitt & Beddow, by Laurence W. Hewitt, for defendant Roy Benjamin Cook.*

*Assistant Public Defender Theo X. Nixon for defendant Fern Warren Whitaker.*

ARNOLD, Judge.

Both defendants assign error to the court's ruling allowing joinder of the cases for trial. Defendant Cook questions the propriety of granting the prosecutor's motion for consolidation, while defendant Whitaker questions the denial of his timely motion to sever. Both contentions are incorrect.

[1] N.C.G.S. 15A-926(b)(2)a authorizes consolidation or joinder of defendants for trial on the written motion of the prosecutor when "each of the defendants is charged with accountability for each offense." The State's case, based on the theory that defendants were "acting in concert," charged each defendant with responsibility for the death of Clarence Flowers. While only one defendant logically could have fired the fatal shots, the indictments charged each defendant with the murder of Clarence Flowers, not necessarily exclusive of each other but by the two defendants acting together. The North Carolina Supreme Court in *State v. Joyner,* 297 N.C. 349, 356, 255 S.E. 2d 390, 395 (1979), stated: "To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." Therefore, consolidation of the trials of defendants was authorized by statute.

Further, whether defendants should be tried separately or together is in the discretion of a trial judge. Absent a showing that the joint trial denied the defendants of a fair determina-

tion of their guilt or innocence the exercise of the court's discretion will not be disturbed on appeal. *State v. Ervin*, 38 N.C. App. 261, 248 S.E. 2d 91 (1978), citing *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). Consolidation of these two cases was proper as neither defendant has indicated an absence of a fair trial as a result of non-severance.

While defendants contend their antagonistic defenses mandate separate trials, they misread *State v. Madden*, 292 N.C. 114, 232 S.E. 2d 656 (1977). As observed in *State v. Nelson*, 298 N.C. 573, 587, 260 S.E. 2d 629, 640 (1979), *Madden*, "does not mean that antagonistic defenses necessarily warrant severance. The test is whether the conflict in defendants' respective positions at trial is of such a nature that, considering all of the other evidence in the case, defendants were denied a fair trial." G.S. 15A-927(c)(2). Though the case *sub judice* certainly involves antagonistic defenses, defendants made no showing that they were denied a fair trial because of the consolidation. Justice Exum further observed in *Nelson* that severance is generally allowed where the case is "an evidentiary contest more between defendants themselves than between the State and the defendants." *Supra* at 587. Such was not the case in this trial. The State presented ample evidence to support a conviction of either or both defendants of Flowers' murder.

We see no merit in Whitaker's assertion that the trial judge was in error in failing to hold a *voir dire* hearing on the competence of Ruby Mae Powers, a witness for defendant Cook who identified Whitaker as the gunman. Determination of the competence of a witness to testify falls within the discretion of the trial judge, and his decision will not be overturned on appeal in the absence of clear abuse of discretion. *State v. Fuller*, 2 N.C. App. 204, 162 S.E. 2d 517 (1968). The record discloses no evidence that the trial judge abused his discretion by allowing Ruby Mae Powers to testify.

[2] Defendant Cook also challenges the denial of his motion for mistrial based on the State's failure to disclose an incriminating statement allegedly made by defendant Cook. As soon as the prosecutor learned it the prosecutor himself, according to the record, disclosed to defense counsel the witness's intent to tes-

tify about the incriminating statement. Moreover, the defendant failed to object to the statement or move to strike at trial. The decision to grant or deny a motion for mistrial is in the discretion of the trial judge and absent abuse will not be disturbed on appeal. *State v. Mills,* 39 N.C. App. 47, 249 S.E. 2d 446 (1978), *disc. rev. denied,* 296 N.C. 588 (1979). The record indicates no abuse by the trial judge in denying defendants' motion for mistrial.

We find no error in the trial judge's ruling that Officer Overturf could testify concerning statements made by defendant Cook concerning the presence of the gun found in Cook's apartment. Likewise, the judge did not err in his instruction, apparently taken from N.C.P.I. — Crim. 202.10, on the State's theory that the defendants were acting in concert in the death of Clarence Flowers. *See State v. Joyner, supra* at 358.

Finally, the judge's charge, in accordance with N.C.P.I. — Crim. 206.30, on the possible inferences due to the use of a deadly weapon contains no error. *See, State v. Campbell,* 42 N.C. App. 361, 256 S.E. 2d 526 (1979), citing *State v. Patterson,* 297 N.C. 247, 254 S.E. 2d 604 (1979).

No error.

Judges ERWIN and WELLS concur.