IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-249

Filed 7 November 2023

Orange County, Nos. 09CR701958, 10CR701939, 11CR703669

STATE OF NORTH CAROLINA

v.

ANTON M. LEBEDEV, Defendant.

Appeal by *pro se* defendant from orders entered 7 December 2022 by Judge C. Todd Roper in Orange County District Court and from order entered 18 January 2023 by Judge R. Allen Baddour Jr. in Orange County Superior Court. Heard in the Court of Appeals 20 September 2023.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Daniel P. O'Brien and Assistant Attorney General Reginaldo Enrique Williams, for the State-appellee.*
>
> *Law Offices of Anton M. Lebedev, by Anton M. Lebedev, for pro se defendant-appellant.*

GORE, Judge.

Defendant Anton Mikhailovich Lebedev appeals pursuant to this Court's 20 March 2023 Order allowing his petition for writ of certiorari for the purpose of reviewing: (1) the three orders entered 7 December 2022 by the Orange County District Court denying his "Petition and Order of Expunction Under G.S. 15A-146(a) OR G.S. 15A-146(a1)" and (2) the order entered 18 January 2023 in Orange County Superior Court denying his petition for writ of certiorari.

Defendant argues the district court erred by denying his petition to expunge multiple unrelated traffic misdemeanors pursuant to N.C. Gen. Stat. § 15A-146. Additionally, defendant asserts the superior court abused its discretion by summarily denying his petition for writ of certiorari and declining to permit review of the district court's orders.

Upon review, we affirm. Defendant is not eligible for expunction under section 15A-146; he cites no authority supporting his view that pleading to a lesser included offense somehow equates to a "dismissal." Moreover, considering defendant's argument is meritless, the superior court could not have abused its discretion in denying his petition for writ of certiorari.

**I.**

On 29 April 2009, defendant was charged with speeding (66 mph in a 45 mph zone). Defendant, on 15 July 2009, ultimately pled responsible to a lesser included charge: speeding (54 mph in a 45 mph zone).

On 16 March 2010, defendant was charged with speeding (64 mph in a 35 mph zone). On 2 August 2010, defendant pled responsible to the lesser included charge of exceeding a safe speed.

On 29 April 2011, defendant was charged with speeding (52 mph in a 35 mph zone). Defendant again pled responsible to a lesser included charge—improper equipment (speedometer)—on 17 August 2011.

On 24 November 2022, defendant filed three separate expungement petitions,

each one seeking expunction as to one of the above traffic charges. The district court denied all three, finding that they did not show defendant was charged with "multiple offenses," as required by the statute.

On 15 December 2022, defendant petitioned the superior court for a writ of certiorari to review the expungement denials. The superior court denied the writ on 18 January 2023.

## II.

Considering the district court's orders denying expungement relief, our resolution of the instant appeal hinges upon the statutory interpretation of N.C. Gen. Stat. § 15A-146. "Questions of statutory interpretation are questions of law," which this Court reviews de novo. *State v. Lamp*, 383 N.C. 562, 569, 881 S.E.2d 62, 67 (2022). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation omitted).

We review the superior court's decision to grant or deny a petition for writ of certiorari for an abuse of discretion. *See State v. Ricks*, 378 N.C. 737, 740, 862 S.E.2d 835, 838 (2021). "The test for abuse of discretion requires the reviewing court to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *State v. Locklear*, 331 N.C. 239, 248, 415 S.E.2d 726, 732 (1992) (cleaned up).

## III.

"The primary rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent." *Dickson v. Rucho*, 366 N.C. 332, 339, 737 S.E.2d 362, 368 (2013) (citation omitted).

> [W]hen the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment. In these situations, the history of the legislation may be considered in connection with the object, purpose and language of the statute in order to arrive at its true meaning. However, [w]hen the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required.

*Applewood Props., LLC v. New S. Props., LLC*, 366 N.C. 518, 522, 742 S.E.2d 776, 779 (2013) (alterations in original) (citation omitted).

North Carolina General Statutes section 15A-146(a1) provides, in pertinent part, that "[i]f a person is charged with multiple offenses and any charges are *dismissed*, then that person or the district attorney may petition to have each of the *dismissed* charges expunged." N.C. Gen. Stat. § 15A-146(a1) (2022) (emphasis added). And, within Chapter 15A, the legislature provided several ways a criminal charge may be dismissed. *See, e.g.*, § 15A-931 (permitting a prosecutor to voluntarily dismiss criminal charges).

In this case, defendant was charged with three unrelated misdemeanor speeding charges between 2009-2011. It is undisputed that the State did not formally dismiss any charges, as defined under Chapter 15A. *Cf.* § 15A-931(a) ("[T]he

prosecutor may dismiss any charges stated in a criminal pleading . . . ."). While defendant correctly notes Chapter 15A does not statutorily define "dismissal," he reads ambiguity into the statute where there is none. In keeping with our well-established principles of statutory interpretation, we conclude that the term "dismissal" is an unambiguous word that "has a definite and well known sense in the law." *Fid. Bank v. N.C. Dep't of Revenue*, 370 N.C. 10, 19, 803 S.E.2d 142, 148 (2017) (quotation marks and citation omitted). The plain meaning of "dismissal" is the "[t]ermination of an action, claim, or charge without further hearing . . . esp., a judge's decision to stop a court case through the entry of an order or judgment that imposes no civil or criminal liability on the defendant with respect to that case." *Dismissal*, BLACK'S LAW DICTIONARY (11th ed. 2019). "In the event that the General Assembly uses an unambiguous word without providing an explicit statutory definition, that word will be accorded its plain meaning." *Fid. Bank,* 370 N.C. at 19, 803 S.E.2d at 149.

As such, by its plain language, defendant is not entitled to expunction under section 15A-146. Nevertheless, defendant insists he qualifies for relief because, in his view, "the legislature nonetheless intended defendants to be able to petition to expunge misdemeanor charges that did not ultimately result in a conviction." Any conclusion otherwise, defendant continues, would "lead to the absurd result of forbidding the expungement of charges after the State abandoned its prosecution of the same."

While defendant's interpretation of section 15A-146 is certainly imaginative, it incorrectly conflates the concept of pleading down to a lesser included offense with that of an actual dismissal. Moreover, defendant's broad interpretation of section 15A-146 drastically exceeds the scope of the plain language used by the legislature as it appears in the statute. *See Dickson*, 366 N.C. at 344, 737 S.E.2d at 371 (quotation marks and citation omitted) ("We presume that the General Assembly carefully chose each word used in drafting the legislation.).

As this Court has already noted, amending a charging document to instead charge a lesser included offense does not equate to a dismissal, as contemplated by Chapter 15A. *See State v. Goodson*, 101 N.C. App. 665, 668-69, 401 S.E.2d 118, 121 (1991) (holding that because "[t]he record clearly shows that the State's request for a dismissal on the charge of first degree murder was predicated on its request for a charge of second degree murder[,] . . . [t]he court's dismissal of the charge of first degree murder was not a final dismissal of the criminal proceeding . . ." within the meaning of section 15A-931(a)."). And, consistent with our precedent, "dismissal" results in "no civil or criminal liability on the defendant with respect to that case." *Dismissal*, BLACK'S LAW DICTIONARY (11th ed. 2019). Applying these principles here, defendant pled down to lesser included crimes, and he still retained liability as to the charges he pled responsible for. *See* § 20-141 (2023) (specifying penalties associated with various traffic violations). The State did not dismiss the original misdemeanor charges, and defendant did not evade criminal liability. Both the plain language of

section 15A-146 and this Court's precedent preclude defendant's arguments to the contrary. *See State v. Hooper*, 358 N.C. 122, 125, 591 S.E.2d 514, 516 (2004) ("Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.").

Accordingly, we affirm the district court's orders on grounds that each petition for expunction only listed one charge to be expunged, not multiple, and that section 15A-146(a1) plainly does not provide defendant with relief.

Considering defendant's expunction argument is without merit, the superior court could not have abused its discretion by denying his petition for writ of certiorari. Further, defendant cites no authority to support his contention that the superior court erred when it "summarily denied the petition without even requesting the State to respond." Upon review of defendant's petition and in the appropriate exercise of its discretion, the superior court permissibly declined to issue the writ based on defendant's failure to show "merit, or that probable error was committed" below. *In re Snelgrove*, 208 N.C. 670, 672, 182 S.E. 335, 336 (1935).

**IV.**

For the foregoing reasons, we affirm the superior court's order.


AFFIRMED.

Judges DILLON and ARROWOOD concur.